## The People of the State of Illinois, Defendant in Error, v. Alex Scigliano, Plaintiff in Error.

### Gen. No. 20,697.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915.

### Statement of the Case.

Alex Scigliano was informed against and convicted in the Municipal Court of a wilful and malicious assault with a deadly weapon with intent to inflict a bodily injury upon one Francisco Bitonda, from which the defendant prosecutes a writ of error.

It appeared that the defendant was arrested and taken into court on June 30, 1914, when an information was filed against him, substantially in the language of the statute; that he signed a written waiver of a jury trial, pleaded not guilty to the information, and was at once tried and found guilty. He subsequently made a motion to vacate the judgment on the ground of newly-discovered evidence, which was denied.

The defendant was represented in court by counsel. Before he waived a jury he was advised as to his right to a jury trial. The court heard the testimony of witnesses and arguments of counsel before conviction and judgment. The motion to vacate was supported by an affidavit of the prosecuting witness, stating that on account of misunderstanding or of ignorance on his part, he failed to state to the court certain circumstances which might have had a great weight before the court; that the facts are that he and the defendant were old friends; that defendant kept a grocery store, and the witness had been one of defendant's customers, but had ceased buying from him; that this created some bad feeling, which was so aggravated by the gossip of other persons that each came to believe the other was

criticising him; that on June 28, 1914, while the witness was passing in front of defendant's store, defendant called him and began to ask a question; that the witness was excited, and failed to answer, but placed his hand in his hip pocket to get his pipe and proceed on his way, when the defendant, acting under the impression that the witness was getting his pistol, struck the witness with a knife, causing a slight wound. There were also two affidavits of bystanders who briefly state that they witnessed this hip-pocket incident.

CAIROLI GIGLIOTTI, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW, § 506*—*when judgment presumed sustained by evidence.* In the absence of the evidence from a bill of exceptions, it will be presumed that it fully justified the finding of the trial court.

2. CRIMINAL LAW, § 357*—*when judgment will not be vacated for newly-discovered evidence.* A motion to vacate a judgment of conviction in a criminal proceeding, on the ground of newly-discovered evidence, *held* properly denied, where it did not appear that the defendant did not have knowledge of the existence and materiality of such evidence at the time of his trial.

3. CRIMINAL LAW, § 409*—*when sufficiency of information open to review.* An objection to the form of and signature to an information will not be reviewed on writ of error in the absence of a motion to quash or in arrest of judgment.

4. CRIMINAL LAW, § 189*—*when arrest and trial on same day not erroneous.* Where a person, who was represented by counsel, was arrested, arraigned, tried and convicted on the same day of a malicious assault with a deadly weapon, the record *held* not to show that he did not have a fair trial, that he was denied the fullest opportunity to present his defense, or that he was deprived of any substantial right.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.